SUZANNE G. KUCERA AND GEORGE R. KUCERA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kucera v. Commissioner
Docket No. 13853-86
United States Tax Court
T.C. Memo 1989-424; 1989 Tax Ct. Memo LEXIS 422; 57 T.C.M. (CCH) 1276; T.C.M. (RIA) 89424; August 15, 1989
George R. Kucera, for the petitioners. Douglas K. Chang, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN , Judge: This case is before the Court on respondent's motion for partial summary judgment and our own motion to dismiss *423 under Rule 123(b). [1] Respondent determined deficiencies and additions to petitioners' Federal income tax as follows: Additions to Tax
Year Ended
Deficiency
Sec. 6659
Sec. 6653(b) [2]
12/31/79
$     -0-  $    -0-  $    798.00
12/31/80
35,015.00
8,352.00
18,557.00
Respondent also determined that petitioners were liable for increased interest under section 6621(d) [3] for taxable year 1980. Petitioners resided in the state of California when they filed their petition. Respondent's answer denied the substantive allegations of the petition and further alleged specific facts in support of his additions to tax for fraud. Respondent's answer affirmatively alleged that, in the alternative, *424 petitioner George R. Kucera is liable for a 25 percent addition to tax under section 6651(a) and a five percent addition to tax under section 6653(a) for the taxable years 1979 and 1980. In support of these alternative allegations, respondent alleged specific facts. On October 15, 1986, respondent filed a designation of place of trial designating San Francisco, California, as the place of trial. On June 30, 1987, a notice setting case for trial was served upon the parties, setting trial for the trial session beginning November 30, 1987. On August 19, 1987, respondent filed a motion for continuance which was granted on August 24, 1987. On October 19, 1987, this Court ordered the parties to submit to the Court a written stipulation to be bound by the Court's decision in , or file a report or reports stating why they should not be bound by Grace v. Commissioner. On December 17, 1987, respondent filed with the Court a report stating that respondent was willing to stipulate to be bound by the Court's decision in Respondent further stated that he had sent to petitioners *425 a letter dated November 9, 1987, inviting petitioners to a conference on December 7, 1987. With this letter, respondent enclosed a proposed stipulation to be bound as to certain U.M. Leasing issues. Petitioners did not appear at the scheduled conference, did not return the proposed stipulation to be bound, and did not contact respondent in any manner about the letter or the proposed stipulation. Accordingly, on December 30, 1987, this Court ordered that the parties should show cause at the motions session of the Court on February 24, 1988, why the Court should not deem petitioners bound by the decision made in On January 11, 1988, respondent filed with the Court a request for admissions that requested petitioners to admit the following facts: 1. During the taxable years 1976, 1977, 1978, 1979, and 1980, petitioner George R. Kucera's occupation was an attorney in private practice specializing in tax law. 2. For the taxable years 1979 and 1980, petitioner George R. Kucera (hereafter sometimes referred to as "George") received gross income in the approximate amounts of $ 33,000.00 and $ 140,400.00, respectively. 3. George's *426 1976 Federal income tax return was due to be filed on or before April 15, 1977. 4. George's 1977 Federal income tax return was due to be filed on or before April 15, 1978. 5. George's 1978 Federal income tax return was due to be filed on or before April 15, 1979. 6. George's 1979 Federal income tax return was due to be filed on or before April 15, 1980. 7. Petitioner Suzanne G. Kucera's 1979 Federal income tax return was due to be filed on or before April 15, 1980. 8. George's 1980 Federal income tax return was due to be filed on or before April 15, 1981. 9. Petitioner Suzanne G. Kucera's 1980 Federal income tax return was due to be filed on or before April 15, 1981. 10. Prior to taxable year 1976, George timely filed his Federal income tax returns. 11. George filed and was granted extensions for filing his 1976, 1979, and 1980 Federal income tax returns, extending the due date for his 1976 tax return to June 15, 1977, the due date for his 1979 tax return to June 15, 1980, and the due date for his 1980 tax return to June 15, 1981. 12. George's 1976 Federal income tax return was filed on March 11, 1983, which date is more than five years after the due date *427 for such return. 13. George's 1977 Federal income tax return was filed on March 11, 1983, which date is more than four years after the due date for such return and with respect to which due date no extension of time was sought from, nor granted by, the respondent. 14. George's 1978 Federal income tax return was filed on March 11, 1983, which date is more than three years after the due date for such return and with respect to which due date no extension of time was sought from, nor granted by, the respondent. 15. Petitioner Suzanne G. Kucera filed her 1979 Federal income tax return, with a filing status of married filing separate return, on or about April 15, 1980. 16. Petitioners George R. Kucera and Suzanne G. Kucera filed a 1979 Federal income tax return, with a filing status of married filing joint return, on April 15, 1983, which date is more than two years after the due date for such return. 17. Petitioners George R. Kucera and Suzanne G. Kucera filed their 1980 Federal income tax return, with a filing status of married filing joint return, on May 17, 1983, which date is more than one year after the due date for such return. 18. Petitioner George R. Kucera consistently *428 failed to timely file Federal income tax returns for taxable years 1976, 1977, 1978, 1979 and 1980. 19. George's failure to timely file Federal income tax returns for taxable years 1976, 1977, 1978, 1979 and 1980 is part of a five-year pattern of his intent to evade taxes. 20. Prior to taxable year 1976, George was employed as an attorney by the Internal Revenue Service in Washington, D.C.
21. George was well aware of the requirements regarding the timely filing of his 1976, 1977, 1978, 1979, and 1980 Federal income tax returns, as evidenced by the timely filing of his Federal income tax returns for taxable years prior to 1976, by his request for extensions of time to file his 1976, 1979, and 1980 Federal income tax returns, and by his occupation as a tax attorney during the years in question. 22. When confronted by a special agent of the Internal Revenue Service regarding his failure, at the time, to file Federal income tax returns for 1976, 1977, 1978, 1979, and 1980, George advised the agent that he did not want to file tax returns for personal reasons. 23. George filed his 1976, 1977, 1978, 1979, and 1980 Federal income tax returns only after he became aware that *429 the Criminal Investigation Division of the Internal Revenue Service was conducting a criminal investigation of him for tax evasion for said years. 24. George failed to timely file, without reasonable cause, Federal income tax returns for the taxable years 1976, 1977, 1978, 1979, and 1980. 25. George fraudulently, and with intent to evade tax, failed to timely file his Federal income tax returns for taxable years 1979 and 1980. 26. By failing to timely file Federal income tax returns for taxable years 1979 and 1980, petitioner George R. Kucera fraudulently, and with intent to evade tax, failed to timely disclose to and attempted to conceal from the Internal Revenue Service gross income of approximately $ 33,000.00 in 1979 and $ 140,400.00 in 1980. 27. A part of the underpayment of tax required to be shown on petitioners' Federal income tax returns for each of the taxable years 1979 and 1980 is due to the fraud of petitioner George R. Kucera. 28. For taxable year 1979, George advised petitioner Suzanne G. Kucera to timely file her 1979 Federal income tax return, with a filing status of "married, filing separately." 29. The underpayment of tax required to be shown on *430 the petitioners' 1979 Federal income tax return is $ 1,415.00. 30. The underpayment of tax required to be shown on the petitioners' 1980 Federal income tax return is $ 37,113.00. 31. The petitioners' Federal income tax liability for taxable year 1979 is $ 1,415.00. 32. The petitioners' Federal income tax liability for taxable year 1980 is $ 37,113.00. This request for admissions was mailed to George R. Kucera as counsel for petitioners at 137 E. Hamilton Avenue, #203, Campbell, California 95008, the address provided in the petition. Petitioners failed to respond to respondent's request for admissions. At the motions session on February 24, 1988, petitioners failed to appear. Accordingly, on February 24, 1988, this Court ordered that the Court's order to show cause dated December 30, 1987, be made absolute and that petitioners in this case be deemed bound by the determination made in , as to those issues in this case that are substantially identical to those in Grace. On April 1, 1988, respondent filed with the Court a second request for admissions that requested petitioners to admit the following facts: 33. *431 Petitioners received interest income of $ 60.00 during taxable year 1979. Petitioners failed to report the interest income of $ 60.00 on their Federal income tax return for 1979. 34. Petitioners received a state income tax refund of $ 230.00 during taxable year 1979. The petitioners failed to report the state income tax refund of $ 230.00 on their Federal income tax return for 1979. 35. The petitioners are not entitled to a deduction for gas tax expenses of $ 140.00 on their Federal income tax return for 1979. 36. The petitioners are not entitled to deduct $ 78.00 of the $ 320.00 sales tax deduction claimed on their Federal income tax return for 1979. 37. The petitioners are entitled to an additional medical expense deduction of $ 209.00 on their Federal income tax return for 1979. 38. As a result of adjustments to the Schedule A attached to the petitioners' Federal income tax return for 1979, the petitioners' taxable income for 1979 is increased by $ 9.00. 39. The petitioners are entitled to an additional sales tax deduction of $ 46.00 on their Federal income tax return for 1980. 40. The petitioners are not entitled to deduct $ 341.00 of the $ 491.00 medical *432 expense deduction claimed on their Federal income tax return for 1980. 41. As a result of adjustments to the Schedule A attached to the petitioners' Federal income tax return for 1980, the petitioners' taxable income for 1980 is increased by $ 295.00. 42. The petitioners are not entitled to a moving expense deduction of $ 1,558.00 on their Federal income tax return for 1980. 43. As a result of a mathematical error on the petitioners' Federal income tax return for 1980, the net profit of petitioner George R. Kucera's law practice shall be increased by $ 81.00. This second request for admissions was mailed to George C. Kucera as counsel for petitioners on March 25, 1988, at the same address the first request for admissions was sent to. Petitioners failed to respond to the second request. Accordingly, pursuant to Rule 90(c), all matters in each of respondent's requests for admissions were deemed admitted for purposes of this case because petitioners failed to serve upon respondent a written answer to either request for admissions. On February 27, 1989, respondent filed a motion for partial summary judgment and a memorandum of law. Respondent's motion requested summary *433 judgment on the issues of the underlying deficiency and the additions to tax for fraud. On March 2, 1989, this Court ordered that petitioners, on or before April 3, 1989, should submit to the Court for filing a response to respondent's motion for partial summary judgment. This order, a copy of respondent's motion for partial summary judgment, and a copy of respondent's memorandum of law were sent to George G. Kucera as counsel for petitioners at 137 E. Hamilton Ave., #203, Campbell, California 95008, the address provided in the petition. Those documents were returned to the Court by the U.S. Post Office with a notation "Forwarding Order Expired." The Court, in reviewing its file, noticed that respondent served the motion for partial summary judgment on petitioners at a different address. Accordingly, on April 3, 1989, the Court issued an order ordering the Clerk of the Court to serve all documents on petitioners at the following address: P.O. Box 3149, 240 Main Street, Half Moon Bay, California 94019. By the same order, the Clerk of the Court was ordered to serve on petitioners, at that address, copies of the order dated March 2, 1989, and respondent's motion for partial summary *434 judgment and memorandum of law. It was further ordered that the time in which petitioners had to respond to respondent's motion for partial summary judgment was extended to May 5, 1989. Petitioners were referred to Rule 21(b)(4) which provides that it is the responsibility of a party before this Court to notify the Court of a change of mailing address. Petitioners failed to respond to the order. Rule 123(b) provides that "For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court * * *, the Court may dismiss a case at any time and enter a decision against the petitioner." Petitioners have clearly failed to comply with orders of this Court. Petitioners failed to respond to this Court's October 19, 1987, order that the parties stipulate to be bound by Grace or file a report stating why the parties should not be bound by Grace. Petitioners also failed to respond to our December 30, 1987, order that the parties show cause at the motions session of the Court on February 24, 1988, why we should not deem petitioners bound by Grace. Petitioners failed to appear at the motions sessions or provide any explanation for not appearing. *435 Petitioners failed to respond to our March 2, 1989, order to submit to the Court for filing a response to respondent's motion for partial summary judgment. Because petitioners have repeatedly failed to comply with Court orders, we dismiss petitioners' case with the exception of the addition to tax for fraud. See , affd. ; , affg. an unpublished order of this Court. Petitioner George R. Kucera is a lawyer admitted to practice before this Court and a former employee of the Internal Revenue Service. Res ipsa loquitur. Because of our decision to dismiss petitioners' case with the exception of the addition to tax for fraud, we will only discuss respondent's motion for partial summary judgment as it relates to the addition to tax for fraud. Rule 121(b) provides for summary judgment where the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be *436 rendered as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case. We find that as a result of the deemed admissions resulting from petitioners' failure to respond to respondent's requests for admissions, there is no genuine issue as to any material fact with respect to the fraud issue. Therefore, we may render a decision as a matter of law. Respondent bears the burden of proof as to the addition for fraud, and he must carry that burden by clear and convincing evidence. See section 7454(a); Rule 142(b). This burden is met if respondent shows by clear and convincing evidence that the taxpayer had a specific intent to evade a tax due and owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. , cert. denied ; , affg. a Memorandum Opinion of this Court; , affd. without published opinion . Respondent *437 may satisfy his burden of proving liability for the addition to tax for fraud with deemed admissions. ; . Fraud must never be presumed or decided on the basis of suspicion. ; . Nonetheless, fraud need not be established by direct evidence but may be established from all relevant facts and circumstances. ; , affd. without published opinion . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; . The sophistication of the taxpayer is also relevant to the determination of fraud. , affg. . The "willful *438 failure to file a timely return * * * does not in itself and without more establish liability for a fraud penalty." , revg. in part and affg. in part a Memorandum Opinion of this Court. Willful failure to file returns for an extended period, however, is " persuasive evidence of an intent to defraud the government." ; , affg. a Memorandum Opinion of this Court. Again, we point out the significance of petitioner George R. Kucera's status. As a lawyer admitted to practice before this Court and former employee of the Internal Revenue Service, it is reasonable to assume that he knew exactly what he was doing. Everything that he did on the facts before us leads us to no conclusion other than the fact that he knowingly endeavored to defraud by concealing income and failing to file appropriate returns for the years in question. Based on the deemed admission of all matters in respondent's requests for admissions, we find that respondent has satisfied his burden. Accordingly, *439 respondent's motion will be granted with respect to the addition to tax for fraud. [4]
To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue unless otherwise indicated. ↩
2. The section 6653(b) additions to tax apply only to petitioner George R. Kucera.↩
3. Sec. 6621(d) was redesignated as sec. 6621(c) by the Tax Reform Act of 1986, 100 Stat. 2744. See Pub. L. 99-514, sec. 1511(c)(1)(A)-(C).↩
4. We note that under , affd. per curiam , we could have entered a default decision in this case against petitioner on the fraud issue.↩